# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 13, 2007

Charles R. Fulbruge III
Clerk

No. 06-50574

ROSSANA ALVAREZ-DIEMER

Plaintiff-Appellant

V.

THE UNIVERSITY OF TEXAS - EL PASO

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
3:04-CV-148

Before KING, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

The sole issue in this case is whether the district court erred in granting summary judgment to Defendant in Plaintiff's Title VII discrimination claim. The district court found that though Plaintiff established a prima facie case of discrimination, Plaintiff failed to introduce any evidence that Defendant's proffered reasons for declining to hire Plaintiff constituted pretext. We agree and AFFIRM the district court's ruling.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff Rossana Alvarez-Diemer ("Plaintiff") received her Ph.D in Business Administration from New Mexico State University in 1999 and held a position as a visiting professor at the University of New Mexico from August 2000 through August 2001. Plaintiff applied for a tenure-track professorship at the University of Texas - El Paso ("UTEP") in October 2000. UTEP offered Plaintiff only a visiting professor position in May 2001, and Plaintiff accepted it.

In 2002, Plaintiff again applied for a tenure-track professorship at UTEP and interviewed for the position on April 1 and 2, 2002. Both parties agree that the interview did not go well, and UTEP ultimately declined to hire Plaintiff. Plaintiff appealed the decision to the university provost, who upheld it.

In October 2002, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"), and in April, 2004, Plaintiff filed the action leading to this appeal, alleging in relevant part that UTEP discriminated against her because she is female, Hispanic, and non-White. The district court granted summary judgment to UTEP on Plaintiff's discrimination claim, finding that though Plaintiff made a prima facie showing of discrimination, UTEP proffered legitimate, non-discriminatory reasons for declining to hire Plaintiff and Plaintiff could not establish that the reasons were pretextual. Plaintiff appealed the single issue of whether the district court properly concluded that Plaintiff failed to raise any question of material fact regarding pretext.

## STANDARD OF REVIEW

We review a district court's summary judgment ruling de novo, applying the same standard as the district court. Wyatt v. Hunt Plywood Co., 297 F.3d

No. 06-50574

405, 408 (5th Cir. 2002). A party is entitled to summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). On a motion for summary judgment, this court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. See Hockman v. Westward Commc'ns, L.L.C., 407 F.3d 317, 325 (5th Cir. 2004). In reviewing the evidence, this court must therefore "refrain from making credibility determinations or weighing the evidence." Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 343 (5th Cir. 2007).

We evaluate Title VII discrimination claims under the McDonnell Douglas framework. See Laxton v. Gap Inc., 333 F.3d 572, 578 (5th Cir. 2003). Accordingly, the plaintiff must first establish a prima facie case of discrimination; then the burden shifts to the employer to produce a legitimate, non-discriminatory reason for the action. See id. Finally, the burden shifts back to the plaintiff to establish that the defendant's proffered reasons are a mere pretext for discrimination. Id. "The plaintiff must rebut each nondiscriminatory reason articulated by the employer. A plaintiff may establish pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or 'unworthy of credence.'" Id.

ANALYSIS

Applying the summary judgment inquiry to the McDonnell Douglas standard, the district court found that Plaintiff had met the low threshold of

3

establishing a prima facie case for discrimination, that Defendant had stated a legitimate, non-discriminatory reason for the adverse employment action, and that Plaintiff had failed to show that Defendant's reasons were a pretext for discrimination. The only issue on appeal is whether the district court's final conclusion in this chain was correct, viz., whether Plaintiff raised some issue of material fact regarding pretext.

The district court credited UTEP with the following non-discriminatory reasons for rejecting Plaintiff: "[Plaintiff] was not hired, by majority 6-2 vote of the departmental faculty, due to her lack of experience in strategic management, her potential for publishing on strategic management, and her collegiality with UTEP faculty during her employment as a visiting professor." Based on these assertions, the district court stated "UTEP has succeeded in articulating a legitimate, non-discriminatory reason for not hiring Alvarez-Diemer. UTEP's actions can be seen as a self-protective action based upon a reasonable belief that Alvarez-Diemer's performance and/or qualifications were inadequate." Thus, the district court shifted the burden back to Plaintiff to prove that this argument was pretext. The district court found that Plaintiff had not created a genuine issue of material fact on pretext, and we find this conclusion to be correct.

Plaintiff introduces no direct evidence of discrimination and fails to create a genuine issue of material fact on whether any of UTEP's proffered reasons lacked credibility. Attempting to rebut UTEP's reasons for declining to hire her, Plaintiff cites only her own CV and her affidavit. This evidence amounts to no more than bare assertions by Plaintiff herself and fails to create a genuine issue of material fact on whether Defendant's proffered reasons were false or unworthy of credence. As the district court noted, Plaintiff offers no evidence of

4

pretext beyond her subjective belief that she was discriminated against. This is insufficient to withstand summary judgment.

CONCLUSION

Plaintiff has introduced insufficient evidence to create a genuine issue of material fact regarding the credibility of Defendant's reasons. Accordingly, the district court properly found that Plaintiff could not demonstrate pretext and properly granted summary judgment in UTEP's favor. Thus, we AFFIRM.